ORIGINAL

# In the United States Court of Federal Claims

No. 14-1197C
(Filed: January 26, 2015)

FILED
JAN 2 6 2015
U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| BRIAN LAWRENCE SHIRKA SNOKE, | \* \* \* |
| Plaintiff, | \* Pro Se Plaintiff; In Forma Pauperis; \* Jurisdiction \* |
| v. | \* \* |
| THE UNITED STATES, | \* \* |
| Defendant. | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## OPINION AND ORDER

On May 6, 2014, plaintiff in the above-captioned case, appearing pro se, filed a complaint and an application to proceed in forma pauperis. Plaintiff is a California state prisoner. He filed what appear to be three separate complaints, as the case caption for each lists a different jurisdiction. One complaint seems intended for the United States District Court of Western Michigan, one for the United States Court of Federal Claims, one for the "United States Court of Federal Claims Dep. of Justice," and one for "Involuntary Servants and Master Servants." Compl. 1-3, 5. Most of his submission is unintelligible and convoluted, thus making it difficult to discern any cognizable claims. For example, plaintiff states that "international multimedas [sic] space age shepardization processes of petitioner and his eire [sic] MI shaped were canal via irrational base staples of state security labours (non ad) unable to relate back interchange[e]ability exchange rates of accensention [sic] standard of inmate." Id. at 1. He also indicates that "[i]n 1999, [he] was overcome by voices and visions interrogating" him. Id.

Though it is very difficult to identify any grievances that plaintiff may put forward, the court will attempt to decipher them. Plaintiff indicates that the "U.S. ratified the U.N.'s Universal Declaration of Human Rights' prisoner "dignity" values to be [sic] supreme law of the land." Id. at 14. Moreover, he contends that the "[D]epartment of State has taken an undignified approach to [his] Freedom of Information Act ["FOIA" r]equest regarding the Universal Declaration of Human Rights" id. at 7, stating that he "received a deceitful [FOIA] ante reply from the U.S. Dept. of States," id. at 11. The court construes these statements as a challenge to his criminal conviction and imprisonment, as well as his living conditions in prison. In addition, plaintiff also states that "you have the body of state prisoner Riso unlawfully restrained of international norms of dignitary values . . . . ," id. at 5, but it is unclear to whom "Riso" refers. Because this court lacks jurisdiction to entertain plaintiff's claims, it must dismiss his complaint.

Whether the court has jurisdiction to decide the merits of a case is a threshold matter. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1868). The parties or the court on its own initiative may challenge the existence of subject matter jurisdiction at any time. Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004).

Further, the ability of the United States Court of Federal Claims ("Court of Federal Claims") to entertain suits against the United States is limited. "The United States, as sovereign, is immune from suit save as it consents to be sued." United States v. Sherwood, 312 U.S. 584, 586 (1941). The waiver of immunity "cannot be implied but must be unequivocally expressed." United States v. King, 395 U.S. 1, 4 (1969). The Tucker Act, the principal statute governing the jurisdiction of this court, waives sovereign immunity for claims against the United States not sounding in tort that are founded upon the United States Constitution, a federal statute or regulation, or an express or implied contract with the United States. 28 U.S.C. § 1491(a)(1) (2006). However, the Tucker Act is merely a jurisdictional statute and "does not create any substantive right enforceable against the United States for money damages." United States v. Testan, 424 U.S. 392, 398 (1976). The substantive right must appear in another source of law, such as a "money-mandating constitutional provision, statute or regulation that has been violated, or an express or implied contract with the United States." Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1554 (Fed. Cir. 1994) (en banc).

In this case, plaintiff does not allege any claims based on a contract with the United States or a money-mandating constitutional provision, federal statute, or federal regulation. He appears to challenge his criminal conviction and imprisonment, as well as his living conditions in prison, but the Court of Federal Claims lacks jurisdiction to entertain criminal matters. See Joshua v. United States, 17 F.3d 378, 379-80 (Fed. Cir. 1994) (affirming that the Court of Federal Claims had "'no jurisdiction to adjudicate any claims whatsoever under the federal criminal code'"); Kania v. United States, 650 F.2d 264, 268 (Ct. Cl. 1981) (noting that "the role of the judiciary in the high function of enforcing and policing the criminal law is assigned to the courts of general jurisdiction and not to this court").

Further, 42 U.S.C. § 1983 provides a cause of action against "[e]very person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." To the extent that plaintiff alleges claims pursuant to this statute, the court lacks jurisdiction to consider them. See Jefferson v. United States, 104 Fed. Cl. 81, 89 (2012) ("[T]he court does not have subject matter jurisdiction over actions arising under sections of the Civil Rights Acts, including 42 U.S.C. § 1983, § 1985, and § 1988 (2006) . . . ."); Marlin v. United States, 63 Fed. Cl. 475, 476 (2005) ("[T]he Court does not have jurisdiction to consider civil rights claims brought pursuant to 42 U.S.C. §§ 1981, 1983, or 1985 because jurisdiction over claims arising under the Civil Rights Act resides exclusively in the district courts."); Blassingame v. United States, 33 Fed. Cl. 504, 505 (1995) ("Section 1983 is not a jurisdiction-granting statute. District courts are given jurisdiction to hear claims for damages for violation of that provision. . . . Such

an action cannot be sustained here, however, because this court has not been given an equivalent jurisdiction."), aff'd, 73 F.3d 379 (Fed. Cir. 1995).

Finally, plaintiff filed, concurrent with his complaint, an application to proceed in forma pauperis. Pursuant to 28 U.S.C. § 1915, courts of the United States are permitted to waive filing fees and security under certain circumstances.[1] See 28 U.S.C. § 1915(a)(1); see also Hayes v. United States, 71 Fed. Cl. 366, 366-67 (2006) (concluding that 28 U.S.C. § 1915(a)(1) applies to both prisoners and nonprisoners alike). Plaintiffs wishing to proceed in forma pauperis must submit an affidavit that lists all of their assets, declares that they are unable to pay the fees or give the security, and states the nature of the action and their belief that they are entitled to redress. 28 U.S.C. § 1915(a)(1). Further, prisoners must file "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison which the prisoner is or was confined." Id. § 1915(a)(2).

Though plaintiff has fulfilled the first requirement, he has not satisfied the second; specifically, he has failed to provide a certified copy of the trust fund account statement for the six months preceding his filing of the complaint. Thus, because plaintiff has not complied with the conditions set forth in 28 U.S.C. § 1915(a)(1), he has not established entitlement to proceed in forma pauperis.

In sum, the court **DENIES** plaintiff's application to proceed in forma pauperis and **DISMISSES** plaintiff's complaint for lack of jurisdiction. The clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

MARGARET M. SWEENEY
Judge

---

[1] While the Court of Federal Claims is not generally considered to be a "court of the United States" within the meaning of title twenty-eight of the United States Code, the court has jurisdiction to grant or deny applications to proceed in forma pauperis. See 28 U.S.C. § 2503(d) (deeming the Court of Federal Claims to be "a court of the United States" for the purposes of 28 U.S.C. § 1915); see also Matthews v. United States, 72 Fed. Cl. 274, 277-78 (2006) (recognizing that Congress enacted the Court of Federal Claims Technical and Procedural Improvements Act of 1992, authorizing the court to, among other things, adjudicate applications to proceed in forma pauperis pursuant to 28 U.S.C. § 1915).