**ORIGINAL**

# In the United States Court of Federal Claims

No. 14-1197C
(Filed: March 3, 2015)

**FILED**

MAR - 3 2015

U.S. COURT OF
FEDERAL CLAIMS

*****************************************
BRIAN LAWRENCE SHIRKA
SNOKE,

        Plaintiff,

v.

THE UNITED STATES,

        Defendant.
*****************************************

Motion for Reconsideration;
RCFC 59(a)(1); RCFC 60(b)

## OPINION AND ORDER

On January 26, 2015, the court entered an opinion and order dismissing the above-captioned case for lack of jurisdiction. Plaintiff, appearing pro se, has now filed a motion for reconsideration. In its opinion, the court dismissed plaintiff's complaint because it did not allege any claims based on a contract with the United States or a money-mandating constitutional provision, federal statute, or federal regulation. Further, plaintiff appeared to challenge his criminal conviction and imprisonment, as well as his living conditions in prison, but the court held that it lacked jurisdiction to entertain criminal matters or causes of action pursuant to 42 U.S.C. § 1983. See Joshua v. United States, 17 F.3d 378, 379-80 (Fed. Cir. 1994) (affirming that the Court of Federal Claims had "'no jurisdiction to adjudicate any claims whatsoever under the federal criminal code'"); Kania v. United States, 650 F.2d 264, 268 (Ct. Cl. 1981) (noting that "the role of the judiciary in the high function of enforcing and policing the criminal law is assigned to the courts of general jurisdiction and not to this court").

Pursuant to Rule 59(a)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), the court may grant a motion for reconsideration:

> **(A)** for any reason for which a new trial has heretofore been granted in an action at law in federal court; **(B)** for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court; or **(C)** upon the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States.

In this case, no trial or rehearing has been granted in this case, and there is no indication that any fraud, wrong, or injustice has been committed against defendant.

Further, RCFC 60(b) provides that

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: **(1)** mistake, inadvertence, surprise, or excusable neglect; **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under RCFC 59(b); **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; **(4)** the judgment is void; **(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or **(6)** any other reason that justifies relief.

In his one-paragraph motion, plaintiff states only that reconsideration "is necessary where curitive [sic] amendments are a certainty." He does not, however, elaborate as to how this establishes that his allegations should be reconsidered, nor provide any other reason or explanation for reconsideration. Moreover, he does not provide any evidence or even assertions of mistake or excusable neglect, new evidence, fraud, or any other reason why such relief would be justified. Accordingly, the court denies plaintiff's motion. See Bishop v. United States, 26 Cl. Ct. 281, 286 (1992) (quoting Circle K Corp. v. United States, 23 Cl. Ct. 659, 664 (1991)) (holding that a motion for reconsideration "is not intended to give an unhappy litigant an additional chance to sway the court"); Yuba Natural Res., Inc. v. United States, 904 F.2d 1577, 1583 (Fed. Cir. 1990) ("The decision whether to grant reconsideration lies largely within the discretion of the [trial] court."); Carter v. United States, 518 F.2d 1199, 1199 (Ct. Cl. 1975) ("A motion for reconsideration should be considered with 'exceptional care.'").

**IT IS SO ORDERED.**

/s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge